■ In the Matter of the Claim of ALICE D. MAURIN, Respondent, v. NEW YORK STATE DEPARTMENT OF LABOR et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board affirming an award of disability compensation and death benefits in favor of the widow and minor child of the deceased employee. Decedent, a Deputy Industrial Commissioner of the New York State Department of Labor, died from a myocardial infarction. Appellants urge in their brief that the record does not contain substantial evidence to support the board's finding of an accidental injury and of causal relationship. The record reveals that on June 24, 1960 while participating in the inspection of the Niagara Falls power project decedent complained of pain in his chest, experienced difficulty in breathing, requested of an associate that they "take it easy" in proceeding with the inspection and was observed clenching his fist and holding his right hand beneath his jacket over his chest. The inspection, conducted on a brisk day, lasted two and a half hours and involved climbing and descending ladders and negotiating rough and uneven terrain. During the next week decedent did not look well and complained of tiredness and not feeling well. At about 4:30 A.M. on July 4, decedent awoke with severe pain in his chest and arm and was taken to the hospital where he died on July 15, 1960. All six physicians who testified agreed that the infarction took place on July 4, 1960, and the four called by claimant stated that death was causally related to decedent's activities on June 24. In particular Dr. Sanes, a pathologist, on the basis not only of the autopsy protocol and the history involved but also after viewing histological slides, opined that the physical effort involved on June 24, 1960 changed the pressure in the small capillaries in the

wall of the left descending coronary precipitating a series of thrombi which culminated in the infarction on July 4. Contrary to appellants' contentions the board was not compelled to find the testimony of claimant's experts to be so speculative as to be devoid of probative value. In the face of conflicting medical opinions the board is free to adopt that opinion which it deems most plausible (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.